David M. Wagner
Crowley Fleck PLLP
1915 S. 19th Ave
P.O. Box 10969
Bozeman, MT 59719-0969
Telephone:  (406) 556-1430
Facsimile:  (406) 556-1433
dwagner@crowleyfleck.com

*Attorneys for Avitus, Inc.*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| AVITUS, INC. | ) |
| | ) Cause No.: CV-18-146-BLG-SPW-TJC |
| Plaintiff, | ) |
| vs. | ) **COMPLAINT AND DEMAND FOR** |
| | ) **JURY TRIAL** |
| SCOOBEEZ, INC., SHAHAN OHANESSIAN, SCOOBEEZ GLOBAL, INC., AND JOHN DOES 1-10, | ) ) ) ) |
| Defendants. | |

_____

COMES NOW Plaintiff, Avitus, Inc. ("Avitus"), who complains, alleges, and avers as follows:

## **PARTIES**

1. Plaintiff, Avitus, is a Montana corporation with its principal place of business in Yellowstone County, Montana.

1

2. Defendant, Scoobeez, Inc. ("Scoobeez"), is a California corporation with its principal place of business in Pasadena, California.

3. Defendant, Shahan Ohanessian, an individual, is a citizen of the State of California. Mr. Ohanessian is the chief executive officer of Scoobeez.

4. Defendant, Scoobeez Global, Inc. (previously known as ABT Holdings, Inc.), is an Idaho corporation with its principal place of business in Pasadena, California. According to Scoobeez Global's 2017 Form 10-12G filing, Scoobeez Global owns 91% of Scoobeez. According to that same filing, Mr. Ohanessian owns approximately 89% of Scoobeez Global.

5. In addition to Scoobeez Global, John Does 1-10 are Scoobeez's owners, shareholders, and partners, the identity of whom is currently unknown to Avitus. The agreement at issue in this lawsuit, which is discussed in more detail in this Complaint, expressly represents that the owners, shareholders, and partners of Scoobeez are jointly and severally liable for all fees and costs due to Avitus and the same owners, shareholders, and partners have guarantied full performance of the agreement at issue in this lawsuit.

## JURISDICTION AND VENUE

6. This Court has jurisdiction under 28 U.S.C. § 1332(a), based on complete diversity of the parties in that no Defendant is a citizen of the same state as the Plaintiff.

7.   The amount in controversy in this case exceeds $75,000.00.

8.   Venue is proper in this Court under 28 U.S.C. § 1391(b) because a substantial part of the events and omissions giving rise to the claims in this suit occurred in this judicial district.

9.   Venue also is proper in this Court because the Professional Employer Agreement ("PEA") at issue in this lawsuit between Avitus and Scoobeez includes a forum-selection clause, entitled "Choice of Law and Venue," which states:

> The interpretation, validity and enforcement of this Agreement shall be governed by and construed under the laws of the United States and of the State of Montana.  Venue for all purposes shall be in Yellowstone County, Montana.

10.   Venue also is proper in this Court because the Personal Guaranty ("Guaranty") at issue in this lawsuit that Mr. Ohanessian executed includes a forum-selection clause, which states:

> The interpretation, validity and enforcement of this Agreement shall be governed by construed under the laws of the United States and of the State of Montana.  Venue for all purposes shall be in Yellowstone County, Montana.

## FACTS APPLICABLE TO ALL CLAIMS FOR RELIEF

11.   Avitus provides business services to clients including, but not limited to, payroll processing, human resources consulting, benefits administration, and workers' compensation administration.

12. On November 16, 2015, Scoobeez entered into the PEA with Avitus. As an owner of Scoobeez Global which, in turn owns the majority interest in Scoobeez, Mr. Ohanessian executed the PEA. A true and correct copy of the PEA is attached to this Complaint as Exhibit 1.

13. Under the terms of the PEA, Scoobeez hired Avitus to provide professional employer organization ("PEO") services described in the PEA. (Ex. 1, p. 1, ¶¶ 3.a. & 4.).

14. Scoobeez agreed to pay Avitus all fees and costs due to Avitus under the terms of the PEA. (Ex. 1, p. 7, ¶ 21).

15. Under the terms of the PEA, and based on the regular course of conduct between Avitus and Scoobeez, Avitus invoiced Scoobeez for services and benefits that Scoobeez enjoyed as a result of its relationship with Avitus including, but not limited to: advancing payments on behalf of Scoobeez to cover payroll costs and expenses, worker's compensation insurance coverage for Scoobeez's employees, and costs and fees associated with Scoobeez's participation in a workers' compensation deductible program. Under the terms of the PEA, and at the request of Scoobeez, Scoobeez agreed to pay Avitus for such services. (Ex. 1, p. 7, ¶21.b.).

16. Avitus has timely invoiced Scoobeez for the services and benefits that Scoobeez enjoyed as a result of its relationship with Avitus including, but not

limited to, costs and expenses it has advanced for the benefit of Scoobeez and the benefit of the owners of Scoobeez, including its majority owner, Scoobeez Global.

17. At all times relevant to this lawsuit, Scoobeez has received invoices from Avitus for such services and benefits. Scoobeez has retained the invoices without any objection to the balance set forth on the invoices.

18. Scoobeez has not disputed that it owes Avitus the amounts set forth on the invoices that Avitus delivered to Scoobeez. Instead, Scoobeez has represented to Avitus that it would pay Avitus the outstanding balance owed to Avitus for the services and benefits that Scoobeez has enjoyed as a result of its relationship with Avitus. Avitus has relied on Scoobeez's representations.

19. Scoobeez has failed to pay Avitus the total amount due and owing for the services and benefits that Scoobeez enjoyed as result of its relationship with Avitus, which amount is set forth in the invoices delivered to Scoobeez.

20. Under the PEA, the failure to immediately pay any Avitus invoice constitutes a default. (Ex. 1, p. 7, ¶ 22.a.(1)). The PEA expressly permits Avitus, in its sole discretion, to terminate the PEA in the event of a default. (Id. at p. 8, ¶22.a.(1)).

21. By letter dated July 20, 2018, Avitus notified Scoobeez that Scoobeez owed Avitus an outstanding principal balance of $15,697,272.80. A true and correct copy of the July 20, 2018 letter is attached as Exhibit 2. Avitus notified

Scoobeez that Avitus would terminate the PEA on September 15, 2018 if Scoobeez failed to satisfy the terms and conditions outlined in the July 20th letter, which terms and conditions included payment to Avitus of the outstanding balance on or before September 15, 2018. (Ex. 2).

22. By letter dated August 27, 2018, Avitus again notified Scoobeez that the PEA would terminate on September 15, 2018 if Scoobeez failed to pay the outstanding balance, and notified Scoobeez that the balance totaled $16,111,835.61 as of August 27, 2018. A true and correct copy of this letter is attached to this Complaint as Exhibit 3.

23. Scoobeez failed to pay Avitus the outstanding balance on or before September 15, 2018.

24. On September 20, 2018, Scoobeez withdrew authorization for Avitus to recuperate its costs and fees in processing Scoobeez's payroll. A true and correct copy of Scoobeez's withdrawal is attached as Exhibit 4. Scoobeez withdrew such authorization despite having actual knowledge that Avitus had run Scoobeez's final payroll on September 15 and knowing that Scoobeez's withdrawal of authority would ensure that Avitus would not be paid for Avitus' services.

25. Under the terms of the PEA, Scoobeez agreed that, in the event it failed to timely pay Avitus the amount due and owing under the invoices that Avitus delivered to Scoobeez, Scoobeez would pay Avitus a late fee equal to a

minimum of $75.00 or five percent (5%) of the total amount due, whichever amount was greater. (Ex. 1, p. 7, ¶ 21.e.). Avitus agreed to reduce the late fee amount from 5% to 2.5% if Scoobeez paid Avitus the outstanding balance. However, Scoobeez failed to make payment on the outstanding balance owed to Avitus.

26.   Under the terms of the PEA, any unpaid balances owed to Avitus accrues interest at a rate of fifteen percent (15%) per annum, compounded daily. (Ex. 1, p. 7 ¶21.f.).

27.   Under the terms of the PEA, Scoobeez acknowledged and represented to Avitus that all owners, shareholders, and/or partners of Scoobeez were jointly and severally liable for all fees and costs due to Avitus under the terms of the PEA. (Ex. 1, p. 7, ¶ 21). Scoobeez represented that "[s]aid owners, shareholders, and partners guarantee full performance which guarantee is absolute and without condition." (Id.).

28.   At or about the time that Mr. Ohanessian executed the PEA, he represented to Avitus that Scoobeez Global, known as ABT at that time, was the majority owner of Scoobeez and that he was an owner of Scoobeez Global. At or about the time he executed the PEA, Mr. Ohanessian expressly represented to Avitus that he had authority to enter into the PEA because he was an owner of Scoobeez Global which in turn was the majority owner of Scoobeez.

29. As further security for Scoobeez's performance of all terms and conditions set forth in the PEA, on August 4, 2016, Mr. Ohanessian personally and individually guaranteed Scoobeez's performance of all terms and conditions of the PEA. A true and correct copy of this Personal Guaranty is attached to this Complaint as Exhibit 5.

30. Specifically, Mr. Ohanessian personally and individually guaranteed the payment of all fees, costs, charges and expenses incurred by Scoobeez, including attorney fees and the costs of collection and enforcement.

## COUNT 1 – BREACH OF CONTRACT

31. Avitus realleges each of the allegations contained in paragraphs 1 through 30, above, and incorporates them by reference as if fully restated herein.

32. Scoobeez has breached the PEA by failing to pay Avitus for the services it has provided to Scoobeez.

33. Mr. Ohanessian has breached the Personal Guaranty by failing to pay all fees, costs, charges and expenses incurred by Scoobeez under the terms of the PEA and for any other services and benefits enjoyed by Scoobeez as result of Scoobeez's relationship with Avitus.

34. Defendants also have an ongoing obligation to make payments to Avitus pursuant to the worker's compensation deductible program to cover

expenses and fees that are incurred in the ongoing adjustment and administration of Scoobeez worker's compensation claims.

35. Scoobeez's breach of the PEA has caused damage to Avitus.

36. Mr. Ohanassian's breach of the Personal Guaranty has caused damage to Avitus.

37. Avitus is entitled to recover damages from Scoobeez due to Scoobeez's breach of the PEA, including reasonable attorney fees, costs, expenses, late fees, and interest.

38. Avitus is entitled to recover damages from Mr. Ohanassian due to Mr. Ohanassian's breach of the PEA, including reasonable attorney fees, costs, expenses, late fees, and interest.

39. Scoobeez Global and John Does 1-10 are jointly and severally liable for all fees and costs due to Avitus under Count I of this Complaint.

## COUNT II – UNJUST ENRICHMENT

40. Avitus realleges each of the allegations contained in paragraphs 1 through 39, above, and incorporates them by reference as if fully restated herein.

41. Avitus conferred a benefit on Scoobeez and Scoobeez's majority owner, Scoobeez Global.

42. Scoobeez and Scoobeez Global retained, enjoyed, and used the benefit without providing adequate and just compensation to Avitus.

43. Scoobeez and Scoobeez Global have been unjustly enriched.

44. Scoobeez and Scoobeez Global have taken advantage of Avitus.

45. Avitus is entitled to equitable restitution from Scoobeez and Scoobeez Global.

## COUNT III – ACCOUNT STATED

46. Avitus realleges each of the allegations contained in paragraphs 1 through 45, above, and incorporates them by reference as if fully restated herein.

47. Avitus and Scoobeez have been engaged a course of dealings for at least three years whereby Scoobeez utilized Avitus' services on a regular and consistent basis. In turn, Avitus delivered to Scoobeez invoices on a regular and consistent basis, which invoices reflect the services that Avitus performed for Scoobeez and the charges for such services, along with costs and expenses. The PEA and invoices, in part, reflect the course of dealings between Avitus and Scoobeez.

48. Scoobeez received and retained the invoices from Avitus. Scoobeez has not paid the total amount due under the invoices. Scoobeez has not objected to the invoices. Rather, Scoobeez has represented to Avitus that it would pay the outstanding balances owed on the invoices.

49. Mr. Ohanessian agreed to guaranty the performance of all terms and conditions of the PEA or services that Avitus provided to Scoobeez, as reflected on the invoices.

50. Scoobeez has retained the invoices for an unreasonable length of time without objection.

51. Scoobeez owes Avitus compensation according to the account it maintained with Avitus for services and goods.

52. As the guarantor, Mr. Ohanessian is liable on the account stated.

53. Scoobeez Global and John Does 1-10 are jointly and severally liable for all fees and costs owed to Avitus under Count III of this Complaint.

**WHEREFORE**, Plaintiff demands judgment against Defendants for the following relief:

1. Judgment in Plaintiff's favor on all counts pled herein;

2. Monetary damages in an amount to be determined at trial;

3. For prejudgment interest on all past due amounts at the rate set forth in the PEA or, alternatively, at the rate permitted by Montana law;

4. For reasonable attorneys' fees and costs of suit incurred in connection with this action; and

5. Such other and further relief as this Court deems just and necessary.

## **JURY DEMAND**

Plaintiff hereby requests a jury trial of all issues so triable.

DATED this 3rd day of October, 2018.

                                        CROWLEY FLECK PLLP

                                        By: /s/ David M. Wagner
                                                David M. Wagner