Doug James
Adam J. Tunning
MOULTON BELLINGHAM PC
27 N. 27th Street, Suite 1900
P. O. Box 2559
Billings, Montana 59103-2559
Telephone: (406) 248-7731
Doug.James@moultonbellingham.com
Adam.Tunning@moultonbellingham.com

    Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| AVITUS, INC.,<br><br>    Plaintiff,<br><br>-vs-<br><br>SCOOBEEZ, INC., SHAHAN OHANESSIAN, SCOOBEEZ GLOBAL, INC., and JOHN DOES 1-10,<br><br>    Defendants. | Cause No. CV-18-146-BLG-SPW-TJC<br><br>**DEFENDANTS' BRIEF IN SUPPORT OF RULE 12(b)(6) MOTION TO DISMISS WITHOUT PREJUDICE** |

## **Introduction**

The Court should dismiss this case without prejudice because the Parties' contract requires mediation as a condition precedent to litigation.

As alleged in the Complaint, Plaintiff Avitus, Inc. and Defendant Scoobeez, Inc. ("Scoobeez") are parties to a Professional Employer Agreement ("Agreement") dated November 15, 2016 attached as Exhibit 1 to Avitus' Complaint. (Doc. 1-1.) Under the Agreement, Avitus provides certain employment services in return for the payment of fees.

In or about January 2017, Avitus wrongfully combined Scoobeez's account with the account of Scoobeez SD, LLC, an unrelated entity which merely licenses the use of the "Scoobeez" name. In its Complaint, Avitus seeks to hold Scoobeez liable for this unnamed party's alleged debt.

Pursuant to the Agreement between Scoobeez and Avitus, though, any "dispute shall be submitted to mediation prior to instigating legal action." (Doc. 1-1, p. 8.) This contractual provision is a condition precedent to Avitus' right to file the instant litigation. Therefore, this matter should be dismissed without prejudice pursuant to Rule 12(b)(6) so the parties can mediate and fulfill this requisite condition precedent to litigation.

## **Argument**

The Court should dismiss this case without prejudice because the parties' contract requires mediation prior to litigation.

A complaint may be dismissed pursuant to Fed. R. Civ. P 12(b)(6) if it fails to state a claim upon which relief may be granted. In this case, Avitus' Complaint

**MOULTON BELLINGHAM PC**
ATTORNEYS AT LAW

alleges Defendants breached the Agreement attached as Exhibit 1 to its Complaint. This Agreement, though, plainly contains a mediation requirement as a condition precedent to Avitus' right to sue. Since no mediation is alleged in the Complaint, the Complaint fails to state a claim upon which relief can be granted.

Section 28 of the Agreement sets forth a contractual dispute resolution procedure. (Doc. 1-1, p. 8.) After the exchange of unsuccessful written notices, the Agreement requires:

> …if the dispute is not resolved within 30 days of the date of the written notice, the dispute shall be submitted to mediation prior to instituting any legal action. If a party institutes legal action prior to mediation, the parties agree that the responding party shall be entitled to a stay of the proceedings and an order compelling the parties to attend mediation prior to the commencement of discovery in any legal action.

(*Id*.) This mediation requirement is a "condition precedent" to the parties' right to file litigation.

Under Montana law, "[a] condition precedent is one which is to be performed before some right dependent thereon accrues…" Mont. Code Ann. § 28-1-403. "If the condition is not fulfilled, the right to enforce the contract does not come into existence." *Management, Inc. v. Mastersons, Inc*., 189 Mont. 435, 441, 616 P.2d 356, 360 (1980).

Therefore, under the Agreement in this case, mediation needed to "be performed before" Avitus' "right" to file litigation "dependent thereon accrue[d]."

Mont. Code Ann. § 28-1-403. Since Avitus failed to submit this dispute to mediation, Avitus' "right to enforce the contract" has "not come into existence." *Management, Inc., supra.*

While the Agreement expressly contemplates a "stay" of the proceedings as opposed to a dismissal without prejudice, Defendants acknowledge that the U.S. District Court for the District of Montana has often been reluctant to issue litigation stays. *See e.g. Erickson v. Erickson, et al.*, U.S. District Court, District of Montana, CV 17-14-BU-BMM-JCL, Doc. 14 & *Wood v. Preferred Contractors Insurance Company*, U.S. District Court, District of Montana, CV 14-128-M-DLC, Doc. 34.

Accordingly, Defendants believe dismissal without prejudice with the ability to refile if mediation is unsuccessful, as opposed to a stay, is a more efficient use of the Court and the parties' resources. *See e.g. Haertl Wolff Parker, Inc. v. Howard S. Wright Const. Co., a Div. of Wright Schuchart*, 1989 WL 151765, at *4 (D. Or. 1989) ("The court finds that rather than grant a stay as requested by Wright, it will be a more efficient use of judicial resources and of cost benefit to the parties to dismiss the first claim with leave to refile without prejudice if the disputes are not resolved after referral to" the mediator).

Of course, Defendants acknowledge that the Dispute Resolution section of the Agreement lists certain disputes which are "[s]pecifically excluded from the dispute resolution requirements." (Doc. 1-1, p. 8.) But, Avitus' Complaint does not allege

any such exclusion applies in this case. *Metzler Inv. GMBH v. Corinthian Colleges, Inc.,* 540 F.3d 1049, 1061 (9th Cir. 2008) (On a 12(b)(6) motion, "[r]eview is limited to the complaint…") Therefore, the Complaint fails to state a claim excluded from the Agreement's condition precedent to litigation.

Presumably, Avitus contends this is a dispute "arising from: (i) the nonpayment of fees" which is ostensibly excluded from the Agreement's mediation requirement. (Doc. 1-1, p. 8.) As an initial matter, the phrase "arising from," is ambiguous and must be construed against Avitus, the party that drafted the Agreement. *See Wendell v. State Farm Mut. Auto. Ins. Co.,* 1999 MT 17, ¶ 54, 293 Mont. 140, 164, 974 P.2d 623, 639 ("Having concluded that the phrase 'arising out of the use is ambiguous, we resolve the ambiguity in favor of the" party that did not draft the contract.) As stated above, this dispute began when Avitus joined Scoobeez's account with an unrelated party. Since then, Avitus has initiated repeated attempts to hold Scoobeez liable for this unnamed party's conduct, including the assertion of an additional equitable claim for unjust enrichment in this action alleging Scoobeez somehow benefitted from the services provided to this unnamed party. Accordingly, this is not a dispute simply about the "nonpayment of fees" and the aforementioned exception to the mediation requirement does not apply.

Avitus should not be allowed to manipulate the parties' Agreement for its own benefit by skirting the mediation requirement. Avitus, a Montana company, gladly

adhered the Agreement's venue provision by filing this lawsuit in Montana against Scoobeez, a California company. But, when it came to the mediation requirement which would have delayed Avitus' efforts to impose someone else's debt on Scoobeez, Avitus chose to avoid the parties' Agreement.

Under Montana law, "[w]here the reason is the same, the rule should be the same." Mont. Code. Ann. § 1-3-202. The reason for a mediation condition precedent is obvious. The parties should each be required to make good faith efforts to resolve their differences prior to expending judicial resources. Accordingly, the rule set forth in the Agreement should control and the parties should be required to mediate prior to litigation.

This Court, through the Honorable Chief Judge Dana Christensen, has previously enforced a similar provision for the same reason. In *American Engineering Testing v. Stinger Welding, Inc.,* 2012 WL 12931940 (D. Mont. 2012), a plaintiff sued for breach of contract and unjust enrichment alleging the defendant failed to pay invoices for serviced performed. *Id*., at *1. In that case, the parties had entered into three different contracts with varying claims associated with each. *Id*., at *1-2. The defendant filed a motion to dismiss under Rule 12(b)(6), or a motion to stay in the alternative, for failure to satisfy a mediation requirement in the first contract. *Id*., at *2.

**MOULTON BELLINGHAM PC**
ATTORNEYS AT LAW

The District Court stated that the "[f]ailure to mediate a dispute pursuant to a contract that makes mediation a condition precedent to filing a lawsuit warrants dismissal." *Id.*, at *2 *citing Brosnan v. Dry Cleaning Station, Inc.*, 2008 WL 2388392 (N.D. Cal. 2008). Despite the plaintiff's varying attempts to avoid this contractual condition, the Court decided it was best to enforce the parties' "mutual promises to mediate." *Id.*, at *4.

The Court did, however, order a 60-day stay in lieu of dismissal because "some, but not all" of the claims were "subject to mediation." *Id.*, at *5. Accordingly, dismissal would have been inefficient because it would not have guaranteed a comprehensive mediation.

In this case, Avitus' claims are all subject to the mediation provision. Therefore, the Court should enforce the provision and dismiss this matter without prejudice.

## **Conclusion**

The Court should dismiss Avitus' Complaint without prejudice under Rule 12(b)(6). The parties' Agreement requires mediation as a condition precedent to litigation. Since this condition has not been satisfied, Avitus has no claim and dismissal is proper.

DATED this 21st day of November, 2018.

        MOULTON BELLINGHAM PC

        By __*/s/ Adam J. Tunning*____
          DOUG JAMES
          ADAM J. TUNNING
          27 N. 27th Street, Suite 1900
          P. O. Box 2559
          Billings, Montana 59103-2559

        Attorneys for Defendants

4832-5106-8539, v. 1