Doug James
Adam J. Tunning
MOULTON BELLINGHAM PC
27 N. 27th Street, Suite 1900
P. O. Box 2559
Billings, Montana 59103-2559
Telephone: (406) 248-7731
Doug.James@moultonbellingham.com
Adam.Tunning@moultonbellingham.com

    Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| AVITUS, INC., <br><br> Plaintiff, <br><br> -vs- <br><br> SCOOBEEZ, INC., SHAHAN OHANESSIAN, SCOOBEEZ GLOBAL, INC., and JOHN DOES 1-10, <br><br> Defendants. | Cause No. CV-18-146-BLG-SPW-TJC <br><br> **DEFENDANTS' REPLY BRIEF IN SUPPORT OF RULE 12(b)(6) MOTION TO DISMISS WITHOUT PREJUDICE** |

## **Introduction**

The Court should enforce the parties' agreement to mediate by dismissing this case without prejudice.

This is a complex dispute which arose when Avitus wrongfully combined Scoobeez account with a third-party licensee using the "Scoobeez" name. Avitus does not deny this fact in its Response Brief. Therefore, Avitus' one-sided exemptions to the parties' agreement to mediate do not apply.

## Argument

The Court should dismiss this case without prejudice. The parties contractually agreed to mediate their disputes prior to litigation. Avitus' attempt to enforce a loophole to this contractual requirement is mistaken.

Avitus seeks to hold Defendants liable for millions of dollars of an unnamed party's obligations. In its Response Brief, Avitus argues: (1) this is a simple dispute arising from Defendants' nonpayment of fees, (2) the Agreement's exemption from mediation for dispute's "arising from" the nonpayment of fees is not ambiguous, and (3) the Court should just ignore the notion this dispute arose from a mistaken identity. (Doc. 8, pp. 4-9.)

Avitus' arguments are based on the language in its own Complaint, including reference to the form contract it drafted. Avitus argues since it did not admit in its Complaint that it wrongfully combined Scoobeez's account with an unnamed party, the Court should ignore that concept for purposes of this Motion. Of course, if a party could avoid a mediation condition precedent to litigation by artfully crafting its Complaint, such contractual agreements would never be enforced.

Regardless, the substance of this dispute is shown on the face of Avitus' own Complaint. Count II of its Complaint pleads a claim for unjust enrichment. (Doc. 1, p. 9.) "Unjust enrichment is an obligation created by law in the absence of an agreement between the parties." *Welu v. Twin Hearts Smiling Horses, Inc.,* 2016 MT 347, ¶ 33, 386 Mont. 98, 108, 386 P.3d 937, 945. In this case, there is a written agreement between Scoobeez and Avitus. Therefore, the unjust enrichment claim would be entirely unnecessary if Avitus was merely pursuing a claim for nonpayment of fees under the Agreement.

Avitus added the claim for unjust enrichment, though, because it is seeking to impose a "contract in law…implied by the facts and circumstances of the case" to hold Scoobeez liable for another parties' obligations which are separate and distinct from Scoobeez's own written contractual obligations. *Id.* As a result, this dispute is clearly about far more than the mere nonpayment of fees as shown on the face of Avitus' own Complaint.

Avitus, though, contends that the Agreement is unambiguous and any claims which merely relate to the nonpayment of fees should be exempt from mediation. This self-serving interpretation of the contract cannot withstand Montana Supreme Court precedent.

In *Wendell v. State Farm Mut. Auto. Ins. Co.,* the Montana Supreme Court interpreted the phrase "arising out of the use of" a motor vehicle in an insurance

policy. 1999 MT 17, ¶ 42, 293 Mont. 140, 159, 974 P.2d 623, 636. In that case, the parties disputed whether the phrase "arising out of" limited damages to those "proximately caused" by the event "in the strict legal sense" or those damages which merely had a broad causal nexus to the event. *Id*., ¶ 43. The Court determined the phrase was ambiguous and, therefore, chose the interpretation more favorable to the insured (the party which did not draft the agreement). *Id*., ¶ 54.

The parties' present dispute is analogous. Avitus would prefer the Court broadly interpret the phrase "arising from" the nonpayment of fees to mean any and all disputes which relate in any way to the nonpayment of fees. Scoobeez, on the other hand, believes "arising from" should be narrowly construed to only those disputes in which the nonpayment of fees was the proximate cause. Therefore, the phrase is ambiguous and must be construed against Avitus, the party which drafted the Agreement.

The proper question, then, is whether the nonpayment of fees was the proximate cause of this dispute. "The proximate cause of an injury is that cause which, as a natural and continuous sequence, unbroken by any new and independent cause, produces the injury, <u>and without which it would not have occurred</u>." *Busta v. Columbus Hosp. Corp.,* 276 Mont. 342, 357, 916 P.2d 122, 131 (1996) (emphasis added). Of course, the wrongful combination of accounts, not the mere nonpayment

of fees, is the proximate cause of this dispute. Without the combination of the accounts, there would be no dispute (at least none with the named Defendants).

Avitus contends Scoobeez is responsible for an unnamed party's fees. While the nonpayment of those fees is the claimed measure of damages, it has little substantive relevance to the parties' underlying dispute or the future course of this litigation. The focus of the case, rather, will center on whether Avitus has the legal ability to pin this unnamed party's obligations on Defendants, with the existence of some unpaid fees by someone being a largely accepted and ancillary matter.

Therefore, this dispute did not arise from the nonpayment of fees and the mediation condition precedent should be enforced.

## Conclusion

The Court should dismiss this case without prejudice to enforce the parties' contractual agreement to mediate.

DATED this 14th day of December, 2018.

> MOULTON BELLINGHAM PC
>
> By __/s/ Doug James____
>    DOUG JAMES
>    ADAM J. TUNNING
>    27 N. 27th Street, Suite 1900
>    P. O. Box 2559
>    Billings, Montana 59103-2559
>
> Attorneys for Defendants

4830-6455-6418, v. 1